A. Alexander Gorman, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2ND Floor, J & R Building
208 Route 4
Hagatna, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
DAVID J. LUBOFSKY

FILED
DISTRICT COURT OF GUAM
APR 27 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE U.S. DISTRICT COURT

OF GUAM

DAVID J. LUBOFSKY,

Plaintiff,

vs.

GOVERNMENT OF GUAM; GOVERNMENT OF GUAM RETIREMENT FUND

Defendants.

______________________________/

CIVIL CASE NO. 06-00012

COMPLAINT FOR DAMAGES FOR RACIAL EMPLOYMENT DISCRIMINATION [42 USC §2000e]; RETALIATION; BREACH OF STATUTORY & IMPLIED CONTRACT; and NEGLIGENCE

DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DAVID J. LUBOFSKY, and by way of his Complaint, alleges as follows:

JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,1343, & 1367 and 42 U.S.C. § 2000e.

2. Within 180 days after the alleged unlawful employment practice hereinafter set forth, the Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC § 2000e-5, and on or after January 27, 2006, less than 90 days prior to the filing of this Complaint, the Plaintiff received a Notice of Right to Sue from the Commission with

respect to Plaintiff's charges as set forth below (a copy of which is attached as an Exhibit).

## PARTIES

3. Plaintiff DAVID J. LUBOFSKY at all relevant times was and is a resident of Guam and was employed by the Defendant GOVERNMENT OF GUAM at all relevant times herein.

4. At all times material herein, Defendant GOVERNMENT OF GUAM was and is a public entity organized and existing under the laws of and in the Territory of Guam, as a territory of the United States of America, and pursuant to the Organic Act of Guam, and has its principal place of business in the Territory of Guam within this judicial district. Furthermore, and at all relevant times, this Defendant is and has been a covered entity under the 42 USC §2000e(a) & (b).

5. At all times material herein, Defendant GOVERNMENT OF GUAM RETIREMENT FUND was and is a public entity and an autonomous agency organized and existing under the laws of and in the Territory of Guam as a territory of the United States of America, and pursuant to the Organic Act of Guam, and has its principal place of business in the Territory of Guam within this judicial district. Furthermore, and at all relevant times, this Defendant is and has been a covered entity under the 42 USC §2000e(a) & (b).

6. At all times mentioned herein, Defendant GOVERNMENT OF GUAM and Defendant GOVERNMENT OF GUAM RETIREMENT FUND engaged in an industry

affecting commerce and they each employ in excess of fifteen (15) employees and at all relevant times, any such relevant employees were acting within the course and scope of their employment, and as such, each Defendant is fully liable for all the acts of it's employees and agents under the doctrine of Respondeat Superior.

7.  Defendant GOVERNMENT OF GUAM is legally obligated to provide retirement benefits to its employees. Defendant GOVERNMENT OF GUAM RETIREMENT FUND is legally obligated to administrate the retirement benefits for all GOVERNMENT OF GUAM employees, and as such, is the agent of and for Defendant GOVERNMENT OF GUAM.

8.  Plaintiff is informed and believes and thereupon alleges, that each of said Defendants and its employees are jointly and severally liable as the principal, officer, agent, master, servant, employer, employee and partner of each of the other Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership.

9.  At all times material herein, 42 U.S.C. §2000e et. seq. has been fully in force and effect and binding upon Defendants. Such section requires Defendants to refrain from violating the rights of any of its/their employees.

## BACKGROUND

10.  Prior to his wrongful termination, Plaintiff DAVID J. LUBOFSKY has been employed by the Defendant GOVERNMENT OF GUAM in the Department of Education, a line agency of the GOVERNMENT OF GUAM, as a Department of

Education School Psychologist and is an employee within the meaning of 42 U.S.C. §2000e(f).

11. Furthermore, Plaintiff DAVID J. LUBOFSKY is a Caucasian male.

12. Plaintiff DAVID J. LUBOFSKY filed a previous action against these same Defendants in the District Court of Guam entitled Lubofsky v. Government of Guam, et.al., Civil Case No. 04-00031.

## FIRST CAUSE OF ACTION FOR TITLE VII RACIAL DISCRIMINATION VIOLATIONS AGAINST BOTH DEFENDANTS

13. Plaintiff incorporates by reference paragraphs 1 through 12, above.

14. On or about May of 2001, Defendant GOVERNMENT OF GUAM hired Plaintiff as an employee of said Defendant.

15. On or about January, 2003, Plaintiff suffered a debilitating work injury. Plaintiff is certified as permanently medically disabled by his doctors and is unable to perform his job functions.

16. On or about March 2003, Plaintiff applied for medical disability retirement benefits. At the time Plaintiff applied for medical disability retirement benefits, he was medically qualified for, and legally entitled to, such benefits.

17. Sometime after March 2003, the Defendants denied Plaintiffs application for medical disability retirement benefits allegedly on the basis that no Department of Education employees were eligible for retirement benefits due to a lack of funding. However, between March 2003 and November 2003, Defendant GOVERNMENT OF GUAM RETIREMENT FUND processed and approved the retirement benefits

applications of 46 other people, all of non-Caucasian descent. During this same period, Defendant GOVERNMENT OF GUAM RETIREMENT FUND further denied the retirement benefits application of another white male applicant.

18. Since that time, Plaintiff re-applied for medical retirement benefits with the Defendants after submitting additional and overwhelming medical evidence that he qualifies for and is entitled to medical retirement benefits.

19. On or about September 9, 2005 the Guam Retirement Fund once again denied Plaintiff's subsequent appeal for benefits and notified Plaintiff by letter on or after September 15, 2005.

20. The Defendants' denial of Plaintiff's re-application for medical retirement benefits was due to racial discrimination.

21. Therefore, the Defendants wrongfully, intentionally and willfully denied Plaintiff his lawfully entitled medical disability retirement benefits, thereby injuring Plaintiff in his employment based on his race.

22. The effect of the intentional and wrongful denial of medical disability retirement benefits complained of above has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected his status as an employee because of his race.

23. Furthermore, as a proximate result of the Defendants' intentional and wrongful conduct, Plaintiff suffered and continues to suffer from the loss of medical disability retirement benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

24. As a further direct and proximate result of the intentional and wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be proven at trial.

25. The Defendant's discriminatory conduct was willful and intentional and was engaged in with malice and reckless indifference to Plaintiff's federally protected rights thereby entitling Plaintiff to exemplary and punitive damages as provided for in 42 U.S.C. § 1981a(b)(1).

**SECOND CAUSE OF ACTION FOR TITLE VII RETALIATION AGAINST BOTH DEFENDANTS**

26. Plaintiff incorporates by reference paragraphs 1 through 25, above.

27. The Defendants' denial of Plaintiff's re-application for medical retirement benefits was further due to retaliation for having filed the initial EEOC complaint and the lawsuit described in paragraph 12, above.

28. Therefore, the Defendants wrongfully, intentionally and willfully denied Plaintiff his lawfully entitled medical disability retirement benefits.

29. The effect of the intentional and wrongful denial of medical disability retirement benefits complained of above has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected his status as an employee because of his previous efforts to protect his statutory civil rights to equal employment.

30. Furthermore, as a proximate result of the Defendants' intentional and wrongful conduct, Plaintiff suffered and continues to suffer from the loss of medical

disability retirement benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

31. As a further direct and proximate result of the intentional and wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be proven at trial.

32. The Defendant's discriminatory conduct was willful and intentional and was engaged in with malice and reckless indifference to Plaintiff's federally protected rights thereby entitling Plaintiff to exemplary and punitive damages as provided for in 42 U.S.C. § 1981a(b)(1).

**THIRDD CAUSE OF ACTION FOR BREACH OF STATUTORY AND/OR IMPLIED CONTRACT AGAINST DEFENDANTS**

33. Plaintiff incorporates by reference paragraphs 1 through 32, above.

34. At all relevant times, Plaintiff had a statutory and/or an implied contract of employment with Defendants.

35. When Defendant intentionally and wrongfully denied Plaintiff medical disability retirement benefits to which Plaintiff is entitled pursuant to Guam law, Defendant breached the statutory and/or implied employment contract.

36. As a proximate result of the Defendants wrongful conduct, Plaintiff suffered and continues to suffer from the loss of employment benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

37. As a further direct and proximate result of the intentional and wrongful conduct of the Defendant, Plaintiff has been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION FOR NEGLIGENCE**

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, above.

39. The Defendants and their agents and employees were negligent in their aforementioned conduct towards Plaintiff DAVID J. LUBOFSKY.

40. As a proximate result of the Defendants' negligence, Plaintiff DAVID J. LUBOFSKY suffered and continues to suffer from loss of employment benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

41. As a further direct and proximate result of the negligence of the Defendants on the aforementioned date, Plaintiff DAVID J. LUBOFSKY has been damaged in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiff DAVID J. LUBOFSKY prays for relief against the Defendants, jointly and severally, as follows:

1. In all Counts for General and Special Damages in an amount to be proven at trial;

2. In counts I and II for exemplary and punitive damages as provided for in 42 U.S.C. § 1981a(b)(1);

3. For costs of suit, attorney fees, and pre-judgment interest as provided for in 42 U.S.C. § 2000e-5; and

4. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a Jury Trial in the above-captioned matter.

LAW OFFICES OF GORMAN & GAVRAS

Date: April 20, 2006

BY: ______________________
A. ALEXANDER GORMAN, ESQ.
Attorneys for Plaintiff
DAVID J. LUBOFSKY

# EXHIBIT

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **David J. Lubofsky**
**P.O. Box 4666**
**Hagatna, GU 96932**

From: **Honolulu Local Office**
**300 Ala Moana Blvd**
**Room 7-127**
**Honolulu, HI 96850**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **378-2006-00026** | **Glory Gervacio, Investigator** | **(808) 541-3120** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Timothy A. Riera

**Timothy A. Riera,**
**Director**

1/18/06
*(Date Mailed)*

Enclosure(s)

cc: **Juan F. Flores**
**Guam Public School System**
**P.O. Box DE**
**Hagatna, GU 96932**

Calendared 1/28/06 - JS

RECEIVED
JAN 28 2006
11:53am - JS
GORMAN & GA.
Dropped off by Ron Smith

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***